IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-10005-01-WEB |
| ) | |
| DAVID A. CHAPMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's two objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of November 28, 2005. This written memorandum will supplement the court's oral ruling.

1. *Defendant's objection No. 1* -- Defendant challenges the addition of one criminal history point for the conviction of Driving While Suspended [i.e with a suspended license] listed in paragraph 48 of the Presentence Report. Defendant acknowledges that the guidelines provide that one point is to be added for the conviction because he received a sentence of imprisonment of more than 30 days, but he argues this is "inequitable" because he received no criminal history points for a similar offense on another occasion (¶ 49 of the PSR) when he was sentenced to less than 30 days.

The court finds defendant's first objection should be denied. The Presentence Report clearly calculated the criminal history score in accordance with the guidelines. The Guidelines provide that one criminal history point should be added for the offense in paragraph 48 because defendant's sentence on that conviction was more than 30 days. *See* USSG 4A1.2(c)(1).

2. *Defendant's objection No. 2* -- Defendant's second objection is an argument for a downward departure. In sum, he argues the following factors weigh in favor of a downward departure: The firearms seized by the police were used primarily for sporting purposes by Mr. Chapman's wife; the delay in defendant's arrest and the filing of these charges allowed the government to "rack up" additional relevant conduct; the degree of harm from this offense is less than normal for offenses of this type (defendant asserts that he possessed the shotgun in question for the purpose of preventing a dangerous animal from causing harm to his family) ; the defendant voluntarily disclosed the offense to law enforcement (defendant asserts that after the incident where he fired a shot to scare off the dog, he called the police and reported the incident); and the totality of the circumstances warrant a downward departure.

The court concludes that a sentence within the Guideline range would not be reasonable under the totality of the circumstances. The court concludes that the defendant's motivation for committing the offense -- to scare off a dangerous animal that had the potential to threaten his family -- is a circumstance of a kind and degree that warrant a sentence at variance from the advisory guideline range. The court is not persuaded that the other factors argued by defendant warrant a reduction, but the court agrees that the degree of harm from this particular offense is less than normal for offenses of this type. At the same time, the court notes that the defendant has a substantial prior criminal history and has engaged in various types of unlawful activity over an extensive period of time. Under the circumstances, the court determines that a sentence of 36 months imprisonment represents a reasonable sentence under the facts of this case.

*Conclusion*.

Defendant's first objection, concerning the calculation of his criminal history category, is DENIED. His second objection, which requests a sentence below the advisory guideline range, is GRANTED IN

2

PART to the extent stated above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this __29th__ Day of November, 2005, at Wichita, Ks.

                                          s/Wesley E. Brown
                                          Wesley E. Brown
                                          U.S. Senior District Judge