IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,     )
     )
     Plaintiff/Respondent,  )
     )
v.     )    Crim. Case No.  05-10005-01-WEB
     )    Civ. Action No.  06-3189-WEB
DAVID CHAPMAN,     )
     )
     Defendant/Petitioner.  )
     )


**<u>Memorandum and Order</u>**

This matter is before the court on defendant David Chapman's motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence.  A review of the file and the record shows conclusively the defendant is not entitled to relief on his motion.  Accordingly, for the reasons discussed below, the motion is denied.

I. *Background*.

Defendant David Chapman was charged in a one-count Indictment filed January 11, 2005. The indictment alleged that on or about October 12, 2004, the defendant, having been previously convicted of a felony, knowingly possessed firearms -- specifically, a .22 caliber Browning rifle, a Winchester semi-automatic shotgun, and a .22 caliber Ruger rifle -- which had been shipped or transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).  A federal public defender was appointed to represent Mr. Chapman at his initial appearance, but the defendant subsequently retained the services of a private attorney, Christopher Hughes, who entered his appearance on February 9, 2005.  The defendant was also subsequently assisted by Mr. Hughes' law partner, Roger Falk, who was appointed by the court on July 6, 2005.  Doc. 37.

After several continuances at the defense's request, the case proceeded to jury trial on June 21, 2005.  At trial there was evidence that on October 9, 2004, defendant Chapman learned that a dangerous dog was threatening members of his family, so he retrieved a shotgun from his residence at 1725 North Harding and scared the dog off by shooting at it.  Police came to the scene to investigate and allegedly allowed the defendant to keep the shotgun.  On October 12, 2004, after the police determined that defendant was a convicted felon, officers were sent to 1725 North Harding to arrest the defendant and to obtain the weapon.  Defendant was found outside the residence and was arrested.  He permitted officers to enter the residence and directed them to a bedroom closet where the shotgun was located.[1]  Officers saw two other firearms on the same shelf with the shotgun. The Government presented evidence at trial that the defendant had purchased these firearms from an elderly widow sometime after March 9, 2002.  The defendant's evidence at trial included testimony from defendant's wife, who testified that she rather than the defendant had purchased the firearms, that the guns belonged to her and were in her sole possession, and that the defendant did not live with her at the North Harding residence.  On June 22, 2005, the court declared a mistrial after the jury was unable to reach a unanimous verdict.  The case was scheduled for a July 7, 2005 re-trial.

On June 28, 2005, the government filed a three-count Superseding Indictment.  The Superseding Indictment charged possession of each of the firearms in separate counts, and it expanded the date of the alleged offenses to "on or about dates uncertain to the Grand Jury but

---

[1] The transcript of a sidebar conference from the trial indicates that the defense and the Government had an informal agreement at that time that the defense would not attempt to introduce evidence of a necessity defense in exchange for the Government's agreement that it would not argue that defendant's possession of the shotgun on October 9th constituted an offense.

2

between March 9, 2002 and October 13, 2004." On July 5, 2005, the court granted the defense's request to continue the trial to September 13, 2005. On August 22, 2005, the Government filed motions to limit the defense's introduction of any evidence pertaining either to a necessity defense or to "entrapment by estoppel."

On September 12, 2005, the defendant appeared before the court and, following a hearing pursuant to Fed.R.Crim.P. 11, entered a plea of guilty to Count 2 of the Superseding Indictment charging unlawful possession of the Winchester shotgun. The factual basis for the plea, both as set forth in a plea agreement and as stated at the Rule 11 hearing, was based on defendant's possession of the shotgun on October 9, 2004. Under the plea agreement, the Government agreed (among other things) to recommend a sentence at the low end of the applicable guideline range of the U.S. Sentencing Guidelines, to recommend a three-level reduction for acceptance of responsibility, and to not request an upward departure from the applicable guideline range. The defendant made certain concessions as a part of the plea agreement as well, including the following:

> 10. **Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.2d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the

sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Doc. 50 at p. 5.  The court accepted the defendant's plea of guilty, and on November 30, 2005, imposed a sentence that included a term of imprisonment of 36 months, which represented a downward departure from the applicable guideline range of 46-57 months.  Judgment was entered on November 30, 2005.  Doc. 54.  No direct appeal was filed.

II.  *Defendant's 2255 Motion.*

On July 7, 2006, defendant filed a motion under § 2255 claiming his sentence should be vacated for the following reasons:  (1) defense counsel was ineffective for failing to object to the Superseding Indictment, which was based on prosecutorial vindictiveness and was otherwise improper; (2) the district court erred by "refusing to address the petitioner's concerns regarding exculpatory evidence that petitioner needed for his defense" and by refusing to address his wife's concerns about how defense counsel was handling the case, as expressed in letters to the court sent on July 25 and July 28, 2005; (3) defense counsel was ineffective for failing to object to a letter from the U.S. Magistrate Judge dated June 29, 2005; and (4) defense counsel was ineffective for failing to properly address the foregoing issues and for the advice he gave petitioner in connection with the plea.  As to the latter allegation, defendant claims that his attorney stated "he could get petitioner one (1) year and one (1) day" if he entered the plea agreement.  Doc. 59 at p. 7.

The Government argues that the defendant validly waived his right to appeal or collaterally attack the sentence and that the instant motion should be dismissed pursuant to the waiver.  It argues the defendant's waiver was made knowingly and voluntarily, and that his claims do not fall under the exception allowed by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).

III.  *Discussion*.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement...." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  Such a waiver is not enforceable, however, as to ineffective assistance of counsel claims challenging the validity of the plea or the waiver.  *Id*. at 1187.

A least some of defendant's claims arguably include allegations that his attorney's ineffective assistance undermined the knowing and voluntary nature of his guilty plea.  These particular allegations would fall under the exception outlined in *Cockerham*, supra.  Rather than attempt to delineate which allegations pertain to the validity of the plea and which do not, the court will simply address the merits of the ineffective assistance claims, because the record and the applicable law show quite clearly that defendant is not entitled to relief on his claims.

To establish a valid ineffective assistance of counsel claim, a petitioner must show both that this counsel's performance was deficient, and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first portion of the *Strickland* test requires a showing that counsel's performance fell below an objective standard of reasonableness.  The second portion requires a defendant challenging a guilty plea to demonstrate "a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Defendant's first claim is that his attorney was ineffective for failing to challenge the Superseding Indictment.  There was nothing improper or suspect, however, about the Government's decision to supersede the indictment and to seek separate charges for possession of each firearm, or its expansion of the date of the offenses, particularly in view of evidence that the defendant admitted

to having possessed only one of the guns on October 9, 2004, together with conflicting evidence from the first trial about who acquired the guns in March of 2002 and who subsequently possessed them in the residence. *Cf. United States v. Goodine*, 400 F.3d 202, 209 (4th Cir. 2005) (multiple charges were proper where there was evidence of temporally distinct possessions). Nor does any inference of vindictiveness arise from the fact the Government superseded the indictment following the mistrial. *See e.g., United States v. Washburn*, 444 F.3d 1007, 1011 (8th Cir. 2006). As such, there was nothing objectively unreasonable about defense counsel's failure to challenge the superseding indictment or the fact that counsel negotiated a plea agreement involving one of those counts.

Defendant's second claim is based what he says were errors by the court and counsel in failing to address "concerns regarding exculpatory evidence that petitioner needed for his defense." Doc. 59 at p. 5. The exhibits attached to defendant's motion indicate he is referring to police property receipts from his prior state felony conviction. Although defendant does not spell out exactly what his attorney failed to do or how any such evidence would have been exculpatory, he seems to suggest the property receipts would have helped to prove his allegation that the police returned his weapon to him following his prior offense and told him he could keep it. *Id.*, Exh. 4. The alleged failure to pursue these documents did not constitute error or ineffective assistance of counsel, however, because they clearly provided no viable defense to the instant federal charge. *See United States v. Stults*, 137 Fed.Appx. 179, 2005 WL 1525266 (10th Cir. 2005) (advice from state official to convicted felon that he could possess a gun was no defense to federal charge). *See also Strickland*, 466 U.S. at 690-91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on

investigation.").

Defendant's third claim concerns his attorney's alleged failure to inform him about a letter from the U.S. Magistrate Judge discussing whether an arraignment on the Superseding Indictment was necessary. Defendant claims his attorney failed to request an arraignment and thereby deprived him of a chance to object to the indictment. Doc. 59 at p.6. In fact, however, the record shows the defendant was arraigned on the Superseding Indictment on July 6, 2005. Doc. 38. His claim is therefore without merit.

Finally, defendant claims his attorney undermined the voluntary nature of the plea because he "stated that he could get petitioner one (1) year and one (1) day and stated to petitioner that he's been an attorney for 25 years and that [it's] in petitioner's best interest to take a plea." Doc. 59 at p. 7. Petitioner claims his attorney thus made a "misleading promise regarding [the] sentence he will receive on pleading guilty" and "misled him about [the] government plea agreement." Doc. 64 at 9. Petitioner's own statements under oath at the plea hearing, however, show that he entered his plea of guilty with a full understanding of the potential penalties he was facing and with knowledge that it was up to the court alone to determine the sentence. The defendant represented both in his Petition to Enter Plea of Guilty (Doc. 51) and in his statements under oath to the court that he understood the plea of guilty could subject him to a sentence of up to ten years' imprisonment; that the sentence was solely a matter within the control of the judge; that the judge could impose a sentence within the guideline range or above or below that range; that the defendant was prepared to accept any punishment permitted by law the court saw fit to impose; and that the only promises made to the defendant were those contained in his plea agreement. The defendant further assured the court he was entering the plea of guilty and the plea agreement freely and voluntarily and with

a full understanding of the consequences.  The discussion of these matters at the plea hearing satisfied the court then -- and now -- that the defendant clearly understood the foregoing matters when he made the decision to plead guilty.  "Solemn declarations in open court carry a strong presumption of verity," and "the presentation of conclusory allegations unsupported by specifics is subject to summary dismissal...."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Defendant now claims his lawyer said "he could get" defendant a sentence of one year and one day in prison, but he provides no specifics showing that this was represented by his attorney to be a guaranteed sentence. *Cf. Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (an erroneous sentence estimate by defense counsel -- and a defendant's erroneous expectation based on that estimate -- does not render a plea involuntary).  Nor does the defendant explain why he represented to the court at the plea hearing that he understood there was no guarantee as to what his sentence would be if in fact his attorney had made a contrary promise.  The defendant assured the court that he had read the terms of his plea agreement and understood it.  The plea agreement made clear that there was no guarantee as to what the sentence would be.  The court had counsel summarize the terms of the agreement at the Rule 11 hearing, and the court specifically inquired of defendant whether anyone -- including his attorney -- had promised him that he would receive a lighter sentence or leniency if he pled guilty (except for the promises in his plea agreement).  The defendant stated under oath that no one had.  The defendant then acknowledged that he further understood that if anyone -- including his attorney -- had made such a promise, they no authority to do so.  Also as part of the Petition to Plead Guilty the defendant's attorney certified that he had made no predictions or promises to the Defendant concerning any sentence the Court may award, except as noted in the plea agreement.  Doc. 51 at 6.  The defendant represented to the court that he had read everything in the petition, the

plea agreement, and the certificate of his lawyer, and that it was all true and correct.

The defendant had two experienced criminal defense lawyers to help and advise him concerning his decision to plead guilty.  The record shows beyond question that he understood the nature and consequences of his plea and the plea agreement.  The record also shows beyond doubt that he voluntarily entered the plea and the plea agreement with the hope of obtaining a favorable sentence, but also with an understanding that the court could impose a higher sentence than he hoped for.  His vague and unsupported allegation now that his attorney improperly induced him to enter the plea agreement by somehow misrepresenting the sentence that "he could get" the defendant does not overcome the presumption of validity attaching to defendant's clear and unequivocal representations under oath at the time of his plea.  *See United States v. Bridges*, 68 Fed.Appx. 896, 900, 2003 WL 21462974 (10th Cir. 2003);  *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (petitioner's claim that his lawyer made promises to coerce him into pleading and that he was "hoodwinked" into believing he would get no more than a six month sentence was overborne by record showing the plea was voluntary).  *Cf. United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir.1988)  (A defendant's statements at a plea hearing should be regarded as conclusive as to the truth and accuracy in the absence of a believable valid reason justifying departure from the apparent truth of those statements); *United States v. Kerns*, 53 Fed.Appx. 863, 866, 2002 WL 31820953 (10th Cir. 2002) (noting defendant did not allege that his attorney's representations were made pursuant to an agreement with the prosecutor or the judge).  In sum, defendant's vague allegations about his attorney's alleged "promise" concerning the sentence he would get are not credible in view of the record and do not establish any viable claim for ineffective assistance of counsel.  Nor do they raise any legitimate question about the voluntariness of defendant's plea of guilty.

IV.  *Conclusion*.

Defendant's Motion for Relief under 28 U.S.C. § 2255 (Doc. 58) is DENIED.  IT IS SO

ORDERED this _11th_ Day of October, 2006, at Wichita, Ks.


s/Wesley E. Brown
_____

Wesley E. Brown
U.S. Senior District Judge